FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2013 SEP 12 A 11: 58

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

DAVID L. PERRY :
:
    Plaintiff, :
:
v. :
:
CAPITAL ONE BANK, N.A. :
:
SERVE: Corporation Service Company :
       Bank of America Center, 16th Floor :
       1111 East Main Street :
       Richmond, VA 23219 : CIVIL ACTION NO.
:
EQUIFAX INFORMATION SERVICES, LLC :
:
SERVE: Corporation Service Company : 3 13CV624
       Bank of America Center, 16th Floor :
       1111 East Main Street :
       Richmond, VA 23219 :
:
EXPERIAN INFORMATION SOLUTIONS, INC. :
:
SERVE: David N. Anthony :
       Troutman Sanders LLP :
       1001 Haxall Point :
       Richmond, VA 23219 :
:
    Defendants. :

## COMPLAINT

COMES NOW the Plaintiff, David L. Perry, by counsel, and for his complaint against the Defendants, he states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3.  Plaintiff is a natural person residing in Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4.  Defendant Capital One, N.A. ("Capital One") is a national association that regularly conducts business in the Commonwealth of Virginia as a credit lender and a "furnisher" as governed by the FCRA.

5.  Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

6.  Upon information and belief, Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7.  Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia.

8.  Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## FACTS

9. In May 2013, Plaintiff received and reviewed copies of his Equifax and Experian credit reports and learned that each Defendant, on or around March 21, 2013, had provided his credit reports to Defendant Capital One.

10. Defendant Capital One did not have a permissible purpose to obtain the Plaintiff's credit reports in conjunction with this access of his credit report.

11. The Plaintiff did not apply for credit with Defendant Capital One.

12. The Plaintiff did not apply for employment with Defendant Capital One.

13. The Plaintiff did not apply for insurance with Defendant Capital One.

14. Defendant Capital One was not considering the Plaintiff as a potential investor, servicer or insurer.

15. Defendant Capital One did not have a legitimate business need for the information in the Plaintiff's consumer report.

16. Furthermore, the Plaintiff never authorized Defendant Capital One to receive his credit reports.

17. Accordingly, Defendants Experian and Equifax furnished the Plaintiff's credit report to Defendant Capital One without a permissible purpose as provided by the FCRA and without reasonable procedures to obtain verification that Defendant Capital One had a permissible purpose to obtain the Plaintiff's credit report.

### COUNT I:
### Violation of 15 U.S.C. § 1681b(f)
### Defendant Capital One

18. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19. Defendant Capital One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

20. As a result of Defendant Capital One's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

21. Defendant Capital One's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

22. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II:
### Violation of 15 U.S.C. § 1681b
### Defendants Equifax and Experian

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24. Equifax and Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b, by their actions, which include but are not limited to, providing the Plaintiff's consumer reports to an entity that lacked a FCRA permissible purpose.

25. As a result of Equifax's and Experian's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

26. Experian's and Equifax's conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT III:
### Violation of 15 U.S.C. § 1681e(a)
### Defendants Equifax and Experian

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Equifax and Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681e(a), by their actions, which include but are not limited to, failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

30. As a result of Equifax's and Experian's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

31. Experian's and Equifax's conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**DAVID L. PERRY**

By: _____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com